MEMORANDUM OF DECISION
The plaintiff, GICC Capital Corp. ("GICC"). filed a five-count revised amended complaint against the defendants, Technology Finance Group. Inc. ("TFG"), Dennis Williamson ("Williamson"). Creative Resources, Inc. ("CRI"), James T. Pierce ("Pierce"), Gordon Locke ("Locke"), Arthur Kronenberg ("Kronenberg"), Andrew Graham ("Graham"), and Walter H. Prime ("Prime"), on February 23, 1998. The first count alleges a claim based on the default of a promissory note between TFG and GICC. The second and third counts allege fraudulent conveyances by the defendants in an attempt to avoid payment of the note. The fourth count alleges a violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA), based upon the actions of the defendants. The fifth count alleges statutory theft by the defendants. The defendants TFG, Williamson, CRI, Pierce, Locke and Kronenberg ("moving defendants"). moved (#114) to strike the second through fifth counts of the revised amended complaint, as well as various prayers for relief in connection with these counts.
The purpose of a motion to strike is "to allow testing of the legal sufficiency of the pleadings . . ." George v. St. Ann'sChurch, 182 Conn. 322, 325, 438 A.2d 97 (1980). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). CT Page 1786
The defendants argue that the second count of the complaint fails to allege any debt obligation for any of the defendants other than TFG. They further argue that under General Statutes52-552, such an obligation is mandatory to establish a fraudulent conveyance. The plaintiff responds that under Connecticut law a creditor can bring a fraudulent conveyance claim against a non-debtor transferee.
The defendants' reliance upon the proposition that General Statutes § 52-552 governs this action is misplaced. The plaintiff does not rely on the statute in their complaint or brief, and Connecticut still recognizes a common law claim for fraudulent conveyance. See Crepeau v. Gronager, 41 Conn. App. 302,314, 675 A.2d 1361 (1996). Under a common law fraudulent conveyance claim, a general creditor can pursue a transferee for the property transferred or the proceeds thereof. Id. Therefore, the allegations that the defendant TFG transferred a portion of its assets to the other defendants sufficiently establishes a relationship among those defendants which support a fraudulent conveyance claim under Connecticut common law. The second count of the plaintiff's complaint is therefore not stricken.
The defendants alternatively argue that a paragraph 74 should be stricken from the plaintiff's second count. Paragraph 74 reads: "The transfer of Apple Leasing from TFG to CRI for no consideration. which was approved by the directors of CRI, also constituted a fraudulent conveyance as to GICC, since GICC could no longer look to Apple Leasing to discharge the obligations contained in the GICC Note." The defendants argue that this paragraph fails to establish the necessary elements of a fraudulent conveyance claim.
In order to set aside a fraudulent conveyance, the plaintiff must show "either: (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with fraudulent intent in which the grantee participated." Tyers v.Coma, 214 Conn. 8, 11, 570 A.2d 186 (1990).
In paragraph 74, the plaintiff states that the sale of Apple Leasing was made without consideration. While the defendants are correct in pointing out that the remaining language of this paragraph does not allege that TFG was unable to meet the Note obligation, the defendants fail to read the count in its CT Page 1787 entirety. In paragraphs 31-32 of the second count, the plaintiff describes the sale of Apple Leasing which resulted in TFG's insolvency. These allegations properly allege that TFG was unable to meet its obligations after the fraudulent conveyance to Apple Leasing.
Even if the second count did not contain the other elements necessary for this claim, it would be improper to strike paragraph 74. "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313902 (January 25, 1995) (Cocco, J.); see also Zamstein v. Marvasti240 Conn. 549, 566, 692 A.2d 781 (1997) (same). The defendants concede that other paragraphs within the Second Count properly allege a fraudulent conveyance claim. The defendants' motion to strike paragraph 74 of the second count is denied because the plaintiff alleges a fraudulent conveyance claim in the second count and the motion directed to a single paragraph is improper.
The defendants argue that the third count of the complaint should be stricken because the plaintiff has failed to allege that TFG conveyed anything. The plaintiff counters that the complaint contains sufficient allegations of fraudulent conveyances. The third count makes a claim for fraudulent conveyance based on the sale of TFG by CRI to TFG Acquisition. In connection with the sale, the plaintiff alleges that the fixtures and computer residuals were transferred from TFG to CRI at the same time CRI sold TFG. These allegations properly point to a conveyance of assets by TFG during the sale of TFG. The complaint also alleges that the sale of TFG, and the resale of its fixtures and residuals, were made without substantial consideration and with the knowledge and intent of the defendants. Therefore, the third count of the plaintiff's complaint sufficiently alleges a cause of action based on fraudulent conveyance.
The defendants argue that the fourth count alleging a CUTPA violation should be stricken because the plaintiff fails to allege any actions in the course of the defendants' trade or business. The plaintiff responds that the allegations of the complaint do implicate both TFG's and CRI's business dealings.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes CT Page 1788 § 42-110b(a). In determining what is an unfair trade practice, Connecticut courts have adopted the Federal Trade Commission guidelines: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . ." Willow Springs Condo. Assn, Inc. v.Seventh BRT Development Corp., 245 Conn. 1, 43, A.2d (1998).
The defendant mistakenly characterizes the plaintiff's CUTPA claim as being predicated on the payment of the promissory note. The plaintiff's allegations of a CUTPA violation are based on the fraudulent conveyances referred to in the second and third counts, as well as the allegations of the organized scheme of looting TFG of its assets. While the defendants point to Rossettov. Chesler, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 386748. 4 CONN. L. RPTR. 48 (May 1, 1991) (O'Connor, J.), for the proposition that a CUTPA claim that merely restates a fraudulent conveyance claim is legally insufficient, that case was decided on the basis that the plaintiff failed to allege conduct in a trade or business.
Other Superior Court cases have ruled that a fraudulent conveyance is a sufficient basis for alleging a CUTPA claim when the conveyance was in furtherance of a trade or commerce. SeeJones v. Ippoliti, Superior court, judicial district of Tolland at Rockville, Docket No. 353116 (August 11, 1995) (Rittenband, J.); Chrysler Credit Corporation v. Berman, Superior Court, judicial district of Litchfield, Docket No. 057971 (June 10, 1993) (Pickett, J.). In the present case, the plaintiff has alleged that CRI, TFG, and their directors, engaged in systematic looting of TFG's assets. TFG is allegedly in the business of originating and collecting computer leases. The plaintiff alleges that the defendants fraudulently conveyed the right to collect these leases to CRI. This is conduct within the trade of both TFG and CRI. The motion to strike the fourth count is denied because the plaintiff has set forth sufficient allegations to maintain a cause of action based on a CUTPA violation.
The defendants move to strike the fifth count of the complaint on the ground that the plaintiff has failed to allege that the defendants committed larceny in support of the claim for CT Page 1789 statutory theft. The plaintiff responds that the allegations are sufficient to establish a statutory theft claim under General Statutes § 52-564.
"Statutory theft under § 52-564 is synonymous with larceny under General Statutes § 53a-119 . . . Pursuant to § 53a-119, a person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains, or withholds such property from an owner . . ." (Citations omitted; internal quotation marks omitted.) Lawson v. Whitey's Frame Shop,42 Conn. App. 599, 605-06, 682 A.2d 1016 (1996), rev'd on other grounds, 241 Conn. 678, 697 A.2d 1137 (1997). The complaint is devoid of allegations of an instance where the defendants took the property of the plaintiff. The fifth count of the plaintiff's claim is stricken along with the portion of the prayer for relief for treble damages under General Statutes § 52-564.[2]
The defendants argue that the claim for common law punitive damages should be stricken from the prayer for relief because such damages are not recoverable under fraudulent conveyance actions.[3] The plaintiff's prayer for relief seeks "common law punitive damages in the form of attorneys fees and costs on its First, Second and Third Counts in an amount of at least $1,000,000 . . ." The plaintiff maintains that such damages are recoverable under fraudulent conveyances under the right circumstances.
Under Connecticut common law, the plaintiff is not entitled to "damages awarded to the party alleging fraudulent conveyance beyond the property itself or the value of the property." Crepeauv. Gronager, supra, 41 Conn. App. 317; see also Derderian v.Derderian, 3 Conn. App. 522, 529, 490 A.2d 1008 (1985). The claim for common law punitive damages as to the second and third counts is stricken from the plaintiff's prayer for relief.[4]
In conclusion, the defendants' motion to strike the second, third and fourth counts of the plaintiff's amended complaint is denied. The defendants' motion to strike the fifth count of the plaintiff's amended complaint is granted as well as the claim for treble damages under this count. The defendants' motion to strike the plaintiff's claim for common law punitive damages under the second and third counts is also granted.
LEWIS, J. CT Page 1790
[2] The prayer for relief seeks: "actual, treble, and punitive damages on the Fourth and Fifth counts . . . under Conn. Gen. Stat. § 42-110g(a) and § 52-564 . . ." The plaintiff is entitled to seek actual and punitive damages on its CUTPA claim in the fourth count. Treble damages, however, are not available because the fifth count is being stricken and such damages are not available under CUTPA. See General Statutes § 42-110g.
[3] While the defendants in their brief seek to strike the portions of the second and third counts which seek punitive damages, which as discussed above is improper, the motion properly addresses striking the prayer for relief for these damages.
[4] There still remains a claim for common law punitive damages under the first count.