**DEPARTMENT OF GENERAL SERVICES, Petitioner,**

v.

**CIVIL SERVICE COMMISSION (MADDOX), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 16, 1998.

Decided March 18, 1998.

Peter M. Good, Harrisburg, for petitioner.

Andrew J. Ostrowski, Harrisburg, for respondent.

Before COLINS, President Judge, KELLEY, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Commonwealth of Pennsylvania Department of General Services (Department) petitions for review of a State Civil Service Commission (Commission) decision and order directing that the personnel file of Madie Maddox be altered in certain respects.[1]

Maddox, a Business Enterprise Analyst who worked in the Department's Office of Minority and Women Business Enterprises, received a performance evaluation report for the period October 1993 to September 1994. The evaluation was completed by John Dunlap, Maddox's supervisor. Raphael Chieke, Dunlap's supervisor and the director of the office, reviewed the completed evaluation, which was to be signed by both Dunlap and Chieke before being returned to Maddox. Chieke disagreed with Dunlap's rating of Maddox in specific rating categories. Dun-

---

1. The Department has filed another petition for review of the Commission's decision of May 19, 1997, overturning the Department's three-day suspension of Maddox for unrelated conduct. We also dispose of that petition today. *See Department of General Services v. Maddox,* 707 A.2d 1210 (Pa.Cmwlth.1998).

lap had marked the "Exceed Standards" column in the categories of "Planning," "Communication" and "Quality of Work" and Chieke changed these to downgrade the evaluation. When Maddox received the evaluation, she discussed it with Dunlap, who told her that the ratings were not those he originally made. Maddox then discussed the changes with Chieke, who acknowledged making them. Chieke consulted the personnel bureau and was advised he could not make changes to categories made by an employee's immediate supervisor but had the opportunity to make comments in the section so marked. Chieke had Dunlap's original ratings restored and noted his disagreement in the "comments" section of the document. This final evaluation was then signed by all parties.

Maddox filed a challenge to her September 1994 evaluation pursuant to Section 951(b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1–741.1005, alleging discrimination against her in violation of Section 905.1 of the Act. The State Civil Service Commission heard Maddox's challenge on May 15, 1996. In the interim, the Department, on discovering that proper procedures had not been followed in completing Maddox's evaluation, decided to remove that evaluation from her file, leaving Maddox without any evaluation for that period until the next duly scheduled evaluation. Maddox was informed of the Department's decision to remove the 1994 evaluation in its entirety.

On May 19, 1997, the Commission issued its decision sustaining Maddox's challenge and directing the Department to replace her 1994 evaluation but to expunge the reviewer Chieke's comments from it. The Department filed a petition for review with this Court and sought by a motion a stay of the Commission's decision. The Commission granted the Department's motion to stay.

On appeal, the Department concedes that the proper evaluation procedures were not followed, but asserts that it cured the defect by removing the evaluation from Maddox's personnel file altogether. It argues that the Commission exceeded its legal authority in ordering reinstatement of the 1994 evaluation with the department director's legitimate comments expunged. It argues further that the Commission's findings on discrimination are not based on substantial evidence, and, even if they were, are irrelevant to the question of whether Maddox's performance evaluation was properly issued.

Maddox counters that performing an evaluation but removing it, thereby failing to give an evaluation for that period, is a personnel action which in this case was done in violation of the Act. As to the evidence of discrimination, Maddox asserts the Department's arguments are no more than an attempt to put forth its own version of events. Since the Commission's findings are based on substantial evidence and credibility determinations adverse to the Department that are not within this Court's power to overturn,[2] the Commission's decision must stand. Further, Maddox argues, the Department's appeal should be quashed for failure to make references to the record to support its argument.

Section 905.1 of the Act, 71 P.S. § 741.905a, prohibits discrimination in personnel actions covering Commonwealth employees subject to the Act's protection.

## § 741.905a. Prohibition of discrimination

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors

Section 952(b) of the Act provides:

Where such decision is in favor of the employe, or the aggrieved person, the commission shall make such order as it deems

---

**2.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed of whether necessary findings of fact are supported by substantial, competent evidence. *Balas v. Department of Public Welfare*, 151 Pa.Cmwlth. 53, 616 A.2d 143 (1992), *appeal denied*, 535 Pa. 639, 631 A.2d 1010 (1993).

appropriate to assure such rights as are accorded the individual under this act.

■ Thus, we must disagree with the Department's suggestion that the Commission's findings on discrimination—or the use of non-merit factors—were gratuitous, because if the Commission concludes a violation of Section 905.1 has occurred, it has the power, under Section 952, to "make such order as it deems appropriate." So long as the Commission's order is not contrary to law or does not constitute an abuse of its discretion, its powers to fashion a remedy "to assure such rights as are accorded under [the] [A]ct" appear quite broad. *Filice v. Department of Labor and Industry*, 660 A.2d 241 (Pa. Cmwlth.1995). These broad remedial powers would in turn appear to include the reinstatement of a performance evaluation without comments engendered by non-merit factors, if that circumstance were proven.

The Commission found, based on evidence it believed to be credible, that, prior to Chieke's appointment as director of the office, he began to make advances toward Maddox, which Maddox rejected but for one invitation. The Commission accepted Maddox's testimony that, when Chieke moved into the director's position, he began to treat her in a colder, more hostile manner. The Commission further noted that Maddox's testimony on Chieke's treatment of her was corroborated by that of her immediate supervisor, John Dunlap, who testified on Chieke's change to a more hostile attitude directed at Maddox.

We have, of course, carefully examined the record. Chieke's testimony flatly contradicts Maddox's on whether he made advances toward her, and also contradicts her assertions that he treated her differently when he became director. Nevertheless, the Commission stated that "[a] review of testimony leads us to find Chieke's testimony in support of his ratings comments not credible," and also stated that it "[found] credible [Maddox's] testimony regarding Chieke's efforts to establish a relationship with her." It also found "not convincing" Chieke's testimony refuting that of the corroborating witnesses and stated its reasons for so finding.

■ It is by now settled that our scope of review does not permit us to make credibility determinations, re-evaluate the evidence or draw our own inferences from it. *Balas*. We may look to the record only to see if the evidence found credible by the Commission is substantial and supportive of its findings. While we may on this record have found differently were we the trier of fact, we can say that our review discloses that the evidence is substantial in support of the Commission's findings to the effect that Chieke's actions with respect to Maddox's performance evaluation were taken in retaliation for her refusal to associate with Chieke socially.

Further, we are unconvinced by the Department's argument that removing the performance evaluation in question is tantamount to taking no personnel action. If, for example, an employee's performance evaluation evidences an overall improvement or improvement in specific categories over those of a previous evaluation, the employee is entitled to the benefit of that evaluation. Removing an evaluation demonstrating improvement from a present or prospective employer's consideration has a negative impact on the employee's chances for advancement and new employment opportunities.

Therefore, for the reasons stated above, we hold that, there being substantial evidence for its findings, the Commission did not err in concluding that an "employer of the Commonwealth ... discriminate[d] against [a] person in ... examination, promotion, retention *or ... other* personnel action with respect to the classified service because of ... non-merit factors," as prohibited by Section 905.1 of the Act.

Decision affirmed.

### *ORDER*

AND NOW, this 18th day of March, 1998, the decision of the Civil Service Commission of May 19, 1997 (appeal No. 18566), is affirmed.