[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 12074
The plaintiff, Albert P. Lenge, was formerly employed as an attorney by the defendant Arnold L. Beizer d/b/a the Law Offices of Arnold L. Beizer. The plaintiff's employment was terminated after he furnished a letter of recommendation for another terminated employee to use at her contested unemployment hearing.
The plaintiff filed a claim pursuant to General Statutes § 31-226a
with the Connecticut Department of Labor, alleging that he was subjected to discrimination and retaliatory action by Beizer. On July 17, 1996, the hearing officer found that Beizer violated § 31-226a by terminating the plaintiff and that decision was affirmed by the commissioner on February 24, 1997. Beizer appealed the commissioner's ruling to the Superior Court and then to the Appellate Court which affirmed the lower court, Beizer v. Dept. of Labor, 56 Conn. App. 347, 742 A.2d 821 (2000). Pursuant to the commissioner's order, Beizer was ordered to pay the plaintiff $17,836.16 in back pay plus $14,036.00 for costs and attorney's fees plus interest.
On October 25, 1999, Beizer transferred by quitclaim deed his full interest in the real property located at 429 Capitol Avenue to 429 Capitol Avenue Realty, LLC., a corporation created by Beizer and of which he is a member. The plaintiff alleges that the conveyance was made without consideration and with the intent to avoid payment of the amount owed to the plaintiff pursuant to the worker's compensation order.
The plaintiff alleges that the actions of the defendants constitute a failure to pay a judgment (count one); statutory fraudulent conveyance (count two); common law fraudulent conveyance (count three) and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et. seq. (count four). On February 13, 2001, Beizer filed a motion to strike this last count.
 DISCUSSION
CT Page 12075 A.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation mark omitted.) Gazov. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
 B. 1.
General Statutes § 42-110g (a) provides, in part, that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b may bring an action . . . to recover actual damages." General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
"[I]n determining whether a practice violates CUTPA [the courts] have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) HartfordCT Page 12076Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68,736 A.2d 824 (1999).
The defendants argue that count four should be stricken because the allegations in the plaintiff's complaint do not bring his claim within the purview of CUTPA. Specifically, the defendants argue that the plaintiff's claim involves only an employer-employee dispute between two attorneys that does not rise to the level of trade or commerce. The defendants also argue that the present action does not involve a consumer relationship or a consumer transaction and that the plaintiff fails to allege a general business practice. The plaintiff argues that the present action is a collection dispute involving a fraudulent conveyance to avoid payment of a valid judgment and is sufficiently related to trade or commerce to fall within the purview of CUTPA.
 2.
The terms trade or commerce are defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4). "[A]n employment relationship does not constitute trade or commerce for purposes of CUTPA." Muniz v. Kravis, 59 Conn. App. 704, 711, 707 A.2d 1207
(2000). Although the plaintiff was previously employed by Beizer and the initial dispute concerned the employer employee relationship, this dispute does not; rather, it concerns a creditor/debtor problem. "[If the] allegations [contained in the complaint] lie outside the narrow confines of the employer-employee relationship [then, they] may constitute a violation of CUTPA." Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 494, 656 A.2d 1009 (1995).
Several "Superior Court cases have ruled that a fraudulent conveyance is a sufficient basis for alleging a CUTPA claim when the conveyance was in furtherance of a trade or commerce." GICC Capital v. TechnologyFinance Group, Inc., Superior Court, judicial district of Stamford, Docket No. 159419 (August 28, 1999, Lewis, J.) (22 Conn. L. Rptr. 588, 589); see also Jones v. Ippoliti, Superior Court, judicial district of Tolland at Rockville, Docket No. 53116 (August 11, 1995, Rittenband,J.), aff'd on other grounds, 52 Conn. App. 199, 727 A.2d 713 (1999);Chrysler Credit Corp. v. Berman, Superior Court, judicial district of Litchfield, Docket No. 57971 (June 10, 1993, Pickett, J.). Moreover, in general, CUTPA applies to the conduct of attorneys. . . . [but] only the entrepreneurial aspects of the practice of law are covered by CUTPA. . . . The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity-should be excluded for CT Page 12077 public policy reasons." (Citations omitted; internal quotation marks omitted.) Suffield Development Associates Limited Partnership v. NationalLoan Investors, L.P., 64 Conn. App. 192, 207-08, ___ A.2d ___ (2001). In this case, the plaintiff's allegations relate to the entrepreneurial and commercial aspects of the practice of law and, therefore, the plaintiff may bring a CUTPA claim against the defendants despite the fact that the original conflict arose out of an employment relationship.
 3.
"CUTPA imposes no requirement of a consumer relationship. . . . CUTPA is not limited to conduct involving consumer injury and . . . a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." (Citation omitted; internal quotation marks omitted.) Larsen Chelsea Realty Co. v. Larsen, supra, 232 Conn. 496. This court rejects the defendants' argument that count four must be stricken because the plaintiff does not allege a consumer relationship or consumer transaction with the defendants.
 4.
Finally, this court rejects the defendants' argument that count four should be stricken because the plaintiff failed to allege a general business practice. A showing of a general business practice is required only where a CUTPA claim is based on an alleged unfair insurance claim settlement practice prohibited by General Statutes § 38a-816 (6). SeeLees v. Middlesex Ins. Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994).
 CONCLUSION
For the foregoing reasons, the defendants' motion to strike count four is denied.
Berger, J.